SUMMARY ORDER

Petitioner Qiu Yun Li, a native and citizen of the People’s Republic of China, seeks review of the December 18, 2007 order of the BIA denying her motion to reopen. In Qiu Yun Li, No. A073 546 726 (B.I.A. Dec. 18, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the agency’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An alien may file one motion to reopen, and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, the filing deadline for motions to reopen may, under certain conditions, be equitably tolled if a motion is based on a claim of ineffective assistance of counsel. See Jin Bo Zhao v. INS, 452 F.3d 154, 156-59 (2d Cir.2006). In addition, an applicant may be excused from compliance with the time limitations on motions to reopen if she submits evidence establishing “changed country conditions arising in the country of nationality....” 8 U.S.C. § 1229a (c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Such a motion shall not be granted unless it appears that the evidence offered in support of the motion “is material and was not available and could not have been discovered or presented” at the previous hearing. 8 C.F.R. § 1003.2(c)(1).
To merit equitable tolling of the filing deadline for a motion to reopen on the basis of ineffective assistance of counsel, a movant must establish that she exercised due diligence in pursuing her ease during the period of time for which she seeks tolling. See Iavorski v. I.N.S., 232 F.3d 124, 134-35 (2d Cir.2000). The BIA did not abuse its discretion in finding that Li failed to exercise the requisite due diligence. See id. Even if the statements that Li made in her affidavit in support of her motion are assumed to be truthful, she *576 alleges only that she consulted two attorneys sometime in 2002 shortly after her former counsel was arrested and indicted for filing fraudulent asylum applications and that she became discouraged and decided not to “pursue the matter any further” when the two attorneys refused to take her case because they did not want to be associated with the scandal. Li did not file her motion to reopen until July 2006, and she offered no evidence that she continued her to pursue in the three to four years that followed her consultations with the two attorneys. She has essentially admitted that she voluntarily abandoned her claim and failed to pursue it between 2002 and 2006 when she retained her current counsel.
Furthermore, the BIA did not abuse its discretion when it found that the documentation that Li submitted in support of her motion to reopen did not suffice to establish either changed country conditions in China or Li’s prima fade eligibility for relief. As the BIA noted, the affidavit from Li’s sister did not constitute “new” evidence because it referred to events that took place in 1999, and nearly seven years had elapsed between Li’s sister’s alleged sterilization and the filing of Li’s motion to reopen. See 8 C.F.R. § 1003.2(c)(1).
With respect to the background evidence that Li submitted, the BIA reasonably found it insufficient to warrant reopening of her proceedings. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir.2008). We have previously reviewed the BIA’s consideration of Li’s evidence, and evidence similar to it, and found no error in its conclusion that such evidence was insufficient to establish either material changed country conditions or an objectively reasonably fear of persecution. See id. Li argues that the BIA erred in denying her motion without addressing all the evidence that she submitted. However, the BIA is not required to “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” see id. at 169(internal quotation marks omitted), and this Court will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 337 n. 17 (2d Cir.2006).
Finally, Li argues that the BIA erred by failing to reopen her proceedings sua sporite. However, we lack jurisdiction to review a decision of the BIA not to exercise its authority to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a), because such a decision is “entirely discretionary.” Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).